## QUICK v. STATE.

(In Banc. June 9, 1941.)

[2 So. (2d) 812. No. 34683.]

Harold W. Davidson, of Carthage, for appellant.

**Geo. H. Ethridge,** Assistant Attorney-General, for appellee.

**Alexander, J.,** delivered the opinion of the court.

The defendant was convicted of the unlawful posses-session of intoxicating liquors. The evidence showed that a substantial quantity of liquor was found in his residence, and in a hole dug under his smokehouse. At the time such liquor was found, under authority of search warrant, the defendant was absent from home and in another state. The wife of the defendant testified that her husband knew nothing of the liquor but that she had purchased it during his absence. This was corroborated by the daughter of the defendant. There was evidence adduced by the State which would create an issue of fact upon which a jury could infer a guilty knowledge on the part of the defendant. Our concern, however, is solely with the assignment of error predicated upon the giving of the second instruction on behalf of the State. This instruction is as follows:

"The Court instructs the jury for the state that if they believe from the evidence beyond reasonable doubt, from the evidence in this case, that the whiskey testified about was in the dwelling house and the premises owned and occupied by defendant and his wife alone as their home, then the presumption of the law is that such whiskey was under the control of the husband, or the defendant in this case, as the husband is the head of the house."

It is true that liquor found in the joint possession of husband and wife is presumed to be under the control of the husband (Wylie v. State, 151 Miss. 897, 119 So. 825), yet this presumption, so called, is rebuttable and serves its chief purpose when it has created for the State a prima facie case. Once this inference is rebutted,

the facts upon which the so-called presumption is based are still available to be weighed by the jury; but the added legal force which the principle invokes should not be projected into an instruction which not only fails to disclose its susceptibility to rebuttal, but too strongly intimates to the jury that the State has thereby made out its case. The giving of this instruction was error, and was not cured by any other instruction given either for the State or for the defendant.

Reversed and remanded.