BRITT *v.* ALLRED *et al.*

(In Banc. April 22, 1946. Suggestion of Error Overruled May 13, 1946.)

[25 So. (2d) 711. No. 36103.]

Paul M. Moore and W. J. Evans, both of Calhoun City, for appellant.

**Stone & Stone,** of Coffeeville, for appellees.

**Sydney Smith, C. J.,** delivered the opinion of the court.

The appellant brought this habeas corpus proceeding against the appellees, and vainly sought thereby to obtain the custody of Patsey Harsten, an infant. Patsey became an orphan in March, 1945, and was immediately thereafter taken charge of by the appellees, and has since been cared for by them, and treated as if she were their own child. On August 1, 1945, the appellant, Patsey's grandmother, was appointed by the proper Chancery

Court, but without notice, for which the statute, Sec. 404 Code 1942, makes no provision to anyone, as the guardian of Patsey's estate and person (though she appears to have no estate). Shortly thereafter the appellant brought this habeas corpus proceeding Patsey being then about one year old. The blood relationship, if any, of the appellees to Patsey does not appear, though their counsel say that Mrs. Allred is her great-aunt.

The writ of habeas corpus was returnable to, and the trial thereon was before, the Chancellor of the Court which appointed the appellant as Patsey's guardian. Before the judgment herein was rendered the appellees made an unsuccessful attempt to obtain the removal by the Chancery Court of the appellant as such guardian. The Chancellor, not the Chancery Court, then, acting under Sec. 2818 et seq. of the Code of 1942, proceeded with the trial of the habeas corpus proceeding, and (1) overruled the appellant's contention that the decree by which she was appointed, without notice to the appellees, as the guardian of Patsey's person entitled her to Patsey's custody, against the appellees, unless and until she should be removed by the Chancery Court as such guardian; (2) heard evidence as to what was here to Patsey's best interest; and (3) awarded her custody to the appellees. ·

Appellees having lawfully taken Patsey into their custody, and assumed the obligations to her incident to the parental relation, stand in loco parentis to her, and their rights and duties here are the same as if they were her lawful parents. 46 C. J. 1334; 39 Am. Jur., Parent and Child, Sec. 61; Fortinberry v. Holmes, 89 Miss. 373, 42 So. 799.

A child's parents cannot, under the due process of law provisions of our state and federal constitutions, be deprived by a judicial proceeding of their parental rights without notice thereof, and an opportunity to be heard in opposition thereto. Sinquefield v. Valentine, 159 Miss. 144, 132 So. 81, 76 A. L. R. 238; Id., 160 Miss. 61, 133 So. 210; Bryant v. Brown, 151 Miss. 398, 118 So. 184, 60 A.

L. R. 1325. These cases are in accord with the authorities elsewhere, as will appear from the note to the first of them in 76 A. L. R: 242, and with the universal rule governing due process of law in other relations of life. In the Sinquefield case a decree appointing a guardian of the person of an infant without notice to its parents was held void as against them in a habeas corpus proceeding, consequently it governs here, if authority be desired, since the appellees' rights here are the same as they would be if they were Patsey's lawful parents. The decree, therefore, by which the appellant was appointed the guardian of Patsey's person is of no effect as against the appellees.

We are unable to say, on the evidence, that the court below erred in awarding Patsey's custody to the appellees.

The conflict which seems to appear between Sinquefield v. Valentine, supra, which we here follow, and the earlier case of Herndon v. Bonner, 97 Miss. 328, 52 So. 513, is not real, for in the latter the question of the absence of due process of law in the rendition of the decree by which the guardian was appointed was not raised by counsel or discussed by the court.

Affirmed.