GRAHAM *v.* LEE.

In Banc. Nov. 22, 1948.

(37 So. (2d) 735)

Jesse W. Shanks, Ben Stevens, and **L. B. Jones,** for appellant.

418

**O. K. Wiesenburg,** for appellees.

**Griffith, C. J.**

Appellees were formerly husband and wife. They were married on March 27, 1916 and consorted as husband and wife until on or about the latter part of October 1942. On or about April 15, 1942, the husband obtained employ-

ment in Pascagoula, in Jackson County, and went from his home in Lamar County to Pascagoula, but returned on frequent visits to his wife and children who had remained in Lamar County, these visits extending up until about the latter part of October 1942, already mentioned. Sometime in the month of July 1942, the wife moved into the home of appellant Graham in Lamar County, and thereafter the visits of the husband to his wife were in the home of said Graham. In August 1942 the husband requested his wife to leave the home of Graham, but he suspected no immoral conduct on the part of his wife because her marital relations with her husband on his visits continued in the normal manner and so continued until about the said latter part of October 1942. During the latter part of that month the husband received information, which he regarded as reliable, that the relationship between Graham and the wife had become adulterous, whereupon the husband took two of the children and returned to Pascagoula, and had no further marital relations with his wife after the time last mentioned.

On June 1, 1943, a child, the subject of this controversy, was born to the wife in Lamar County, the official birth certificate naming appellee husband as the father. On August 31, 1943, appellant, Graham, joined by the said wife, filed a petition in the Chancery Court of Lamar County, alleging that the child, naming her in the petition, was an illegitimate child and that appellant Graham was the natural father of the child, and praying that appellant Graham be permitted by decree of the court to adopt the child and thereby to legitimatize her, and that her name be changed to Graham. The husband and father was not made a party to the petition and knew nothing of it. On September 10, 1943, a decree was entered as prayed in the petition.

On October 20, 1943, the wife filed a bill for divorce in the Chancery Court of Lamar County against her husband, and a decree of divorce was granted on February 27, 1944, the husband, although personally served with

process, having failed to answer or otherwise contest the said suit. It may be stated, however, that according to the present record the allegation in the divorce bill that the parties had been separated since February 1942, was wilfully false, and that the separation did not occur until late in October of that year. Sometime during the month of April 1946, the exact date not being shown in this record, the former husband and wife joined in a petition filed in the Chancery Court of Lamar County, praying that the decree of divorce be revoked and vacated, but no action seems to have been taken on that petition.

Sometime before the date next hereinafter mentioned, the wife left Graham and went to George County, taking the child with her. On March 30, 1946, appellant Graham filed a petition in the Chancery Court of George County, praying that an order be made for the return of the child to appellant's custody, which petition came in some manner to the knowledge of the former husband and presumptive father of the child, whereupon he intervened and challenged the validity of the adoption proceedings heretofore mentioned, and, on April 2, 1946, a consent order was entered in the Chancery Court of George County transferring appellant's petition to the Chancery Court of Lamar County, whereupon in the latter court on May 7, 1946, the husband exhibited his petition to vacate the decree of adoption. The facts set forth in the first two paragraphs of this opinion were specifically set forth in paragraph four of the petition to vacate.

The answer filed by the appellant Graham to the petition last mentioned did not deny the said allegation of fact, but averred merely that "answering paragraph numbered four of the petition . . . he denies each and every allegation of said paragraph which seeks to impute any fraud upon this defendant in the rendition of said decree for the adoption of said minor." ██ ██ A bill or petition charging fraud must do so in terms of fact, specifically stated with full definiteness of detail—distinctly setting out the facts as facts which constitute the fraud

charged, and the answer thereto must respond in like terms. ██ ██ ''An answer is not sufficient in containing a general denial of fraud. Every allegation from which fraud may be reasonably inferred must be distinctly answered.'' Grif. Miss. Chan. Prac. Sec. 354, p. 360. The answer contained no sufficient defense to the petition to vacate the adoption decree and the court was correct in sustaining the motion to strike it.

██ ██ The allegations of the petition to vacate were ample to sustain it. Under the stated facts, at the time the child would have been begotten in the ordinary course of nature, the husband not only had the opportunity of assess to his wife but actually did have access to her, whence the presumption is that the child was begotten by the husband, Moore v. Smith, 178 Miss. 383, 386, 172 So. 317, from which it further follows that any proceeding to adopt the child without making the presumptive father a party thereto is invalid under the due process provision of our state and federal constitutions. Const. Miss. Sec. 14; U. S. C. A. Const. Amend 14. Britt v. Allred, 199 Miss. 786, 789, 25 So. (2d) 711, citing Sinquefield v. Valentine, 159 Miss. 144, 132 So. 81, 76 A. L. R. 238, and other cases. And the decree of adoption having been properly vacated, it left appellant's present petition for the custody of the child without any basis upon which to stand, and it, too, was properly dismissed.

██ ██ Appellant says, however, that when the decree of adoption was vacated, the court should have heard, nevertheless, the testimony which appellant says he offered to produce that as a matter of fact appellant is the father of the child and the former husband is not; in other words, that the case should have proceeded on the petition to adopt the child, or else on his later petition for custody. One difficulty with that contention, one entirely sufficient to completely displace it, is that the former wife in her sworn answer to the petition to vacate the decree of adoption so answered that in effect she joined in the petition to vacate, and fully substantiated the alle-

gations of the petition, putting herself in the position of opposing he adoption, so that both the presumptive father and the wife were opposing it, both now averring that the child is the legitimate child of the lawful husband and wife who were so at the date of its birth, and in such a case, as a matter of public policy, no outsider will be permitted to attempt to prove to the contrary. We approve what was said in Re Madalina, 174 Cal. 693, 164 P. 348, 1 A. L. R. 1629, 1632, that public policy and common decency are opposed to the bastardizing of children born in wedlock against the wishes and against the protest of their putative parents; and there is nothing to the contrary in Moore v. Smith, supra, relied on by appellant, but, on the contrary, there is much therein to support our present conclusion.

Affirmed.