BOONE *v.* STATE

Division A.   Apr. 2, 1951.

No. 37918 (51 So. (2d) 473)

Homer W. Pittman and J. R. King, for appellant.

**Lester C. Franklin, Jr.**, Assistant Attorney General, for appellee.

## Arrington, C.

The appellant, Travis Boone, was indicted in the Circuit Court of Forrest County for violation of Section 2087 of the Mississippi Code of 1942, which provides as follows: "Desertion and non-support of children under the age of sixteen years by a parent, a felony—punishment therefor.—Any parent who shall desert or wilfully neglect or refuse to provide for the support and maintenance of his or her child or children under the age of 16 years, leaving such child or children in destitute or necessitous circumstances, shall be guilty of a felony and on conviction thereof, shall be punished by a fine of not less than twenty-five dollars, nor more than five hundred dollars, or by imprisonment in the penitentiary not exceeding two years, or both, in the discretion of the court."

Upon conviction, he was sentenced to a term of eighteen months in the penitentiary. The admitted facts in this case show that the appellant was married July 3, 1944, and lived with his wife until April 25, 1945, when they were separated; that on January 3, 1946, a child was born. The evidence shows that the baby was premature at birth—being a six-months baby. The evidence further shows that they were later divorced sometime in the year 1947, and that the mother was awarded custody of the child.

A number of assignments are argued but we find no merit in any of these, with the exception of the following:

That the court erred in refusing to permit the appellant to offer evidence that he was not the father of the child involved. The court, in its ruling, stated: "If it is admitted that this child is born in wedlock, the court holds that there is a conclusive presumption that the wife's husband is the father of the child, and that cannot be disputed . . ."

The court later instructed the jury orally with reference to the exclusion of the testimony, as follows: "Gentlemen of the jury, the court of its own motion is excluding all of this testimony with reference to whether or not this defendant is the father of the child, because under the law it is conclusively presumed that a child born in wedlock is a legitimate child, and the courts cannot hear testimony, under the rules, to dispute that. I am excluding it all, and you won't consider that in making up your verdict in this case."

In the case of Herring v. Goodson, 43 Miss. 392, the Court said: "A child born after the marriage, and during the husband's life, is presumed to be legitimate; and so firm was this presumption originally, that it would not be rebutted, unless the husband was incapable of procreation, or was absent beyond the four seas during the whole period of the wife's pregnancy. Co. Litt. 244a; Rex v. Alberton, 1 Lord Ray, 395; Rex v. Murray, 1 Salk., 121. This ancient rule has been so far relaxed, that in later times, this presumption may be overcome by showing that the husband had no opportunity for intercourse, and the jury from all the facts, are to infer whether intercourse did or did not take place. Banbury v. Gardner, Peerage cases; Rex v. Luffe, 8 East 173; State v. Petteway [Pettaway, 10 N. C. 623], 3 Hawks 623; 1 Phil. Evi., 630. The defendant, Herring, did not deny the paternity of Elisha Goodson, except by the affirmative allegation of non-access to the mother. It would be incumbent on him, in order to overcome the presumption of legitimacy, to prove the non-intercourse."

The rule announced in Wharton's Criminal Evidence, 11th Edition, Vol. 1, Section 101, page 119, is as follows: "The presumption of legitimacy formerly prevailed as a conclusive presumption, except in the case of impotency and absence, as to all persons living in civilized countries; but this has been modified so that the rule now is that the presumption of legitimacy obtains from the birth of a child during marriage, subject to rebuttal by evidence which clearly and conclusively shows that legitimacy was impossible under the circumstances. A child born in wedlock before any judicial separation of his parents is presumed to be their legitimate child no matter how soon the birth be after the marriage, though this presumption, which is one to which the law attaches great force, may be overcome by strong proof that the husband was incapable, on ground either of impotence or absence, of being the father of the child, or by other evidence showing extreme improbability of sexual intercourse. When access is proved, peculiarly strong evidence of non-intercourse is required to justify a judgment of illegitimacy. The weight of authority is to the effect that, where an opportunity for sexual intercourse is shown, the presumption of legitimacy may be rebutted by proof that intercourse did not, in fact, take place."

In Moore v. Smith, 178 Miss. 383, 172 So. 317, 318, the rule is discussed at length, the Court holding:. ██ █ "A child born during wedlock is presumed to have been begotten by the husband, which presumption continues until the husband is shown to have been incapable of procreation, or to have had no opportunity of access to the wife when the child was begotten.

██ █ As stated above, the evidence shows that the appellant and the mother of the child separated April 25, 1945, and that the baby was born January 3, 1946, which was more than eight months, and conceding, as the evidence shows without dispute, that it was a premature baby, or a six-months baby, then it is obvious that the child was begotten after the separation and we are

322

of the opinion that the appellant should have been permitted to prove non-access to the mother of the child after the separation, and that the ruling of the learned court below in not permitting him to do so, was prejudicial error.

Reversed and remanded.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the verdict of the court below is reversed and remanded.