## Favre *v.* Medders et al.

No. 41817       April 24, 1961       128 So. 2d 877

*Simrall, Aultman & Pope,* Hattiesburg ; *Colin L. Stock-dale,* Jackson, for appellants.

*Scales & Scales,* Jackson, for appellees.

ETHRIDGE, J.

This is a child custody case, involving an appeal from a decree in a habeas corpus proceeding, in which petitioners (appellees) were awarded custody of a ten-month-old baby girl.

The child, Kathleen Allison Medders, was born on October 2, 1959. Her parents were Vardaman J. Medders and Mrs. Imogene Kuhn Medders. At the time of her birth, the parents were separated. On June 6, 1960, the Chancery Court of the First Judicial District of Hinds County entered a decree in a divorce action filed by the father, with a cross-bill by the mother, in which he denied both of them a divorce. However, the decree awarded temporary custody of their four children to the paternal grandparents, Mr. and Mrs. Robert Edward Medders, with a minor exception.

On June 10 appellees, Mr. and Mrs. Robert Edward Medders, filed in the Chancery Court of Lamar County a petition for writ of habeas corpus. The petition averred that, after the birth of Kathleen, "the mother gave consent and permission for the defendants (Mr. and Mrs. Willie B. Favre, appellants) to have the child in their possession"; and the father has attempted to get the child from defendants' possession, but without success. Petitioners averred they were the paternal grandparents of the child and had been awarded her temporary custody by the decree of June 6, 1960, of the Chancery Court of Hinds County. Resting on that decree, appellees, the paternal grandparents, sought custody.

The defendants, Mr. and Mrs. Willie B. Farve, answered, asserting they were not bound by the Hinds County decree, since neither they nor petitioners were parties to that action. Defendants stated that the child's father had deserted the mother during pregnancy, and the mother requested defendants to take and care for her; that since her birth they had done so, and they stood in loco parentis. Defendants denied that petitioners had ever contributed to or offered to provide anything for Kathleen, who had lived with them since her birth. They averred that all persons related to the child by blood had abandoned her, and its best welfare demanded that she remain with defendants, who were morally and financially able to care for Kathleen.

A bill of exceptions reflects that at the hearing, before the Chancery Court of Lamar County, petitioners offered in evidence the decree of the Chancery Court of Hinds County, in the divorce proceedings. Defendants' objections to it were overruled, and the trial court held that the Hinds County decree vested exclusive jurisdiction with respect to Kathleen's custody in that court, no change of conditions was shown since June 6, and the court was obligated to enforce the custody provisions of the Hinds County decree.

Defendants made a detailed tender of testimony by a number of witnesses. In summary, it would show that defendants are morally fit and financially responsible citizens of Lamar County, who are able to care for Kathleen. They love the child and want to adopt her. The mother, Mrs. Imogene Medders, told them in September 1959 that she was was expectant with child and was destitute. She urged defendants to take the child when born, care for her and adopt her. The mother has agreed to the adoption. After Kathleen's birth, the mother and child came to defendants' home in Lamar County, where defendants took care of them. The child has lived with defendants all of her life, from the day she left the hos-

pital around October 6, 1959, to the date of the bill of exceptions, August 18, 1960. The father had left the mother and child in destitute circumstances, and wilfully abandoned them.

The tender of proof by defendants further showed that, in November 1959, with the consent of the mother, defendants had adoption papers prepared by an attorney, who forwarded them to Bruce Aultman, an attorney of Hattiesburg, for filing and handling the suit. However, the next day Aultman was seriously injured in an automobile accident, and incapacitated for several months. Hence the petition of the Farves for adoption of Kathleen was not filed until May 9, 1960, in the Chancery Court of Lamar County. A copy of the petition for adoption was attached to the defendants' answer, along with a consent by Kathleen's mother to the adoption. The father, Vardaman J. Medders, is a defendant in the adoption suit.

Since he concluded that the Hinds County decree was binding, the chancellor sustained objections to the evidence tendered.

The final decree of the Chancery Court of Lamar County, from which this appeal was taken, adjudicated that the decree of the Hinds County Chancery Court of June 6, 1960, was binding on it; no evidence showed any change in circumstances since that date; and petitioners were entitled to the relief sought, custody of the child. The trial court allowed an appeal but denied supersedeas.

■■ The decree of the Hinds County Chancery Court of June 6, 1960, in the divorce proceedings, is not binding upon the appellants. Neither they nor appellees were parties to that decree, and could not have been. That was a suit between the mother and father, with both seeking and being denied a divorce. However, the court awarded therein temporary custody to appellees, the paternal grandparents. ■■ For purposes of this appeal, we must assume the tender of proof by appellants

to be correct.   If so, the child was in their custody in Lamar County since her birth, and at the time of the Hinds County decree of June 6, 1960.   The child was not at that time within the jurisdiction of the Chancery Court of Hinds County.   She was with the Farves in Lamar County.   Furthermore, under appellants' tender of proof, the father had abandoned the child, and the mother had placed her with the Farves for custody and adoption.

■■ ■ Under those circumstances, the Farves had rights as persons in loco parentis to the child.   That term means in the place of a parent.   ■■■ A person in loco parentis may be defined as one who has assumed the status and obligations of a parent without a formal adoption.   The rights, duties and liabilities of one standing in loco parentis are the same as those of a natural parent.   Whether the relationship exists is a matter of intention and of fact to be deduced from the circumstances of the particular case.   67 C.J.S., Parent and Child, Secs. 71, 72.   ■■■ A person standing in loco parentis is entitled to the custody of the child, as against third persons. Ibid., Sec. 73; 39 Am. Jur., Parent and Child, Sec. 61; Britt v. Allred, 199 Miss. 786, 25 So. 2d 711 (1946); Bryant v. Brown, 151 Miss. 398, 414-415, 118 So. 184, 60 A. L. R. 1325 (1928); Bunkley and Morse's Amis, Divorce and Separation in Mississippi (1957), Sec. 8.16.

■■■ In accordance with the evidence submitted and tendered by appellants, defendants clearly stood in loco parentis to the child.   Neither of her parents are parties to this suit.   Petitioners, the paternal grandparents, claim under the Hinds County decree, which was rendered in a suit to which neither appellants nor appellees were parties, at a time when Kathleen was not within the jurisdiction of the Hinds County Chancery Court. Appellants cannot be deprived of their rights as persons in loco parentis by a decree in a suit to which they are not parties, and in which the court had no jurisdiction

over the person of the child. Appellants' rights accrued long before the Hinds County decree. Hence it was not necessary to show changed circumstances subsequent to it.

Britt v. Allred, *supra*, is relevant. The infant, named Patsy Harsten, was an orphan. Her grandmother by ex parte petition was appointed guardian of her person and estate. She then brought a petition for habeas corpus against the Allreds, who had taken custody of the child after her parents' death and had since treated her and cared for her as their own. The trial court denied petitioner the requested relief, and this action was affirmed. The court held that appellees had lawfully taken the child into their custody and assumed the obligations to her incident to the parental relation. Hence they stood in loco parentis, with the same rights and duties as if they were her lawful parents. Fortinberry v. Holmes, 89 Miss. 373, 42 So. 799 (1907). It was held that a child's parents cannot be deprived by a judicial proceeding of their rights as persons in loco parentis without a notice of such proceedings and an opportunity to be heard. The decree by which the grandmother was appointed guardian was of no effect as against the defendants.

By the same token, assuming defendants' tender of proof here as true, they had rights as persons in loco parentis to Kathleen. She was in their custody with her mother's consent after the father had abandoned her, and was not within the jurisdiction of the Hinds County Chancery Court. Hence that decree, in the divorce proceedings, to which appellants were not parties, was not binding on them. See Neal v. Neal, 238 Miss. 572, 119 So. 2d 273 (1960) ; Montgomery v. Walker, 227 Miss. 552, 86 So. 2d 502 (1956) ; Steele v. Steele, 152 Miss. 365, 118 So. 721 (1928).

For these reasons, the decree of the trial court will be reversed, and the cause remanded for a full hearing on the issues raised by the pleadings and the evidence, and

for a decision consistent with the principles enunciated by this opinion.

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Gillespie* and *Jones, JJ.,* concur.