## GLADNEY v. STATE

No. 42544          April 8, 1963          151 So. 2d 606

*Ralph E. Pogue,* Aberdeen; *E. L. Lamar,* Calhoun City, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Jones, J.

Appellant was indicted under Sec. 2087, Miss. Code of 1942, for deserting and wilfully neglecting or refusing to provide for the support and maintenance of his child under the age of sixteen years, leaving such child in destitute or necessitous circumstances. On trial in the Circuit Court of Chickasaw County, First District, he was convicted and sentenced to a term of eighteen months in the penitentiary.

On appeal there are only three assignments of error. The first two are that the court erred in refusing a directed verdict for the appellant at the conclusion of the evidence, and also erred in overruling the motion for a new trial on the ground that the verdict was against the overwhelming weight of the evidence. **(Hn 1)** While the evidence was very close, we do not believe the court would have been justified in peremptorily instructing for the appellant, nor in sustaining the motion for a new trial on that ground.

The third assignment involves the giving of the following instruction for the State: ''The court instructs the jury for the State of Mississippi that under the law in the State of Mississippi a child begotten and born during wedlock is presumed to be legitimate and the child of the married parties.''

This assignment is well taken. The instruction not only omitted vital parts of the rule of law relating to such presumption but should not have been given in this criminal case for the reasons hereinafter stated.

The uncontradicted evidence showed that appellant and one Myrtle M. Gladney were married in 1938 and had never been divorced. There was a child born in the spring of 1944 and the husband and wife separated shortly thereafter. They had not lived together since that time. The child in question was born on September 29, 1945, more than a year after their separation. The wife admitted that since the separation she had had

three other children besides the one in question, and gave the names of the fathers of said children, admitting that the appellant was not their father.

The appellant's defense was that the child in question was not his child. The wife testified that after they separated they had intercourse and this child was conceived, and that the appellant was the father. This was denied by appellant. He testified that he had been to the house where she was after the separation on one or two occasions, either trying to get her to return or to see the children. However, he denied that they had any intercourse. Appellant and his wife both testified fully as to all the matters in issue and there was this direct conflict between their evidence as to the paternity of the child.

In Boone v. State, 211 Miss. 318, 51 So. 2d 473, it was held that the presumption as to the husband being the father of a child born in wedlock was a rebuttable presumption. In that case the lower court had held that the presumption was conclusive and had refused to admit evidence showing non-access of the husband to the mother after the separation. This Court held that the lower court was in error and that such evidence should have been admitted, and the case was reversed and remanded. Cf. Moore v. Smith, 178 Miss. 383, 172 So. 317, a bastardy proceeding, where the child was conceived during wedlock but born after the dissolution of the marriage and this Court held that testimony of the husband and of the wife was admissible to show non-access of the husband.

(Hn 2) The present case is a criminal case where the State is required to prove the guilt of the defendant beyond a reasonable doubt and where there is a presumption of innocence. (Hn 3) The parentage of the child alleged to have been neglected is a material part of the crime as defined by Sec. 2087, Miss. Code of 1942.

In the instant case, all of the material facts were in evidence and there was a sharp conflict. While we have no specific Mississippi case saying that the giving of this instruction is error, we have a number of analogous cases.

In Walker v. State, 146 Miss. 510, 112 So. 673, the appellant was convicted for assault and battery with intent. The lower court had given an instruction that malice may be inferred from the use of a deadly weapon. On appeal this instruction was criticized for the omission of the word "deliberate" before "use" and it was also claimed that the instruction had no application to the facts of that particular case. With reference to the second ground of attack on the instruction, this Court said:

"This is a case where all the facts and circumstances attending the shooting were developed by the evidence. There was, therefore, no room for an instruction informing the jury that malice might be inferred from a deliberate use of a deadly weapon. In Lamar v. State, 63 Miss. 265, in discussing a similar instruction, the Court said:

" 'It is true that the law presumes malice from the deliberate use of a deadly weapon; it is not true that this presumption should control in determining the verdict in cases in which all presumptions are swallowed up by a full disclosure of all the facts surrounding and attending the killing. Instructions of this character are not erroneous, for the presumption does exist as stated, but it exists as a part of the whole case and not as a dominating factor controlling all the facts disclosed, as it is the tendency of such instructions to suggest.'

"It will be noted that the court said in that case that the law presumes malice from the deliberate use of a deadly weapon, but that it was not true that this presumption should control the jury in a case 'in which all presumptions are swallowed up by a full disclosure of

all the facts surrounding and attending the killing.' In the present case, there was a full disclosure of all facts and circumstances surrounding the shooting. The jury should have been left to determine from those facts and circumstances, alone, the question of malice. The state was not entitled to have its case strengthened by an instruction that the law presumed malice by the deliberate use of a deadly weapon. The appellant was contending that, at most, she was only guilty of an assault and battery; that the shooting was the result of an angry altercation between herself and the woman shot; and that the shooting was therefore done in the heat of passion, without malice. On the other hand, the state was contending that the evidence showed that appellant did the shooting, not in the heat of passion and without malice, but with the deliberate design to effect the death of the person shot at. In considering their verdict, the jury would have been justified in reasoning about it thus:

" 'It is true that we are not convinced, by the evidence alone, beyond any reasonable doubt, that appellant did the shooting with malice — the deliberate design to effect the death of the woman shot; still, the court tells us that we may infer malice from the deliberate use of a deadly weapon. Therefore, taking that presumption in connection with the evidence, we conclude that the appellant is guilty'."

In Quick v. State, 191 Miss. 179, 2 So. 2d 812, the appellant was convicted of the unlawful possession of intoxicating liquors, from which conviction he appealed. The evidence showed that a substantial quantity of liquor was found in his residence and in a hole dug under his smokehouse. At the time the liquor was found the defendant was absent from home and in another state. His wife testified that her husband knew nothing of the liquor but she had purchased it during his absence. This was corroborated by the daughter of the defendant.

There was evidence for the state which would create an issue of fact upon which a jury could infer a guilty knowledge. The court said that its only concern was with the assignment of error predicated upon the giving of the second instruction on behalf of the state, which instruction read as follows:

"The Court instructs the jury for the state that if they believe from the evidence beyond reasonable doubt, from the evidence in this case, that the whiskey testified about was in the dwelling house and the premises owned and occupied by defendant and his wife alone as their home, then the presumption of the law is that such whiskey was under the control of the husband, or the defendant in this case, as the husband is the head of the house."

After quoting the instruction, the Court said further: "It is true that liquor found in the joint possession of husband and wife is presumed to be under the control of the husband (Wylie v. State, 151 Miss. 897, 119 So. 825), yet this presumption, so called, is rebuttable and serves its chief purpose when it has created for the State a prima facie case. Once this inference is rebutted, the facts upon which the so-called presumption is based are still available to be weighed by the jury; but the added legal force which the principle invokes should not be projected into an instruction which not only fails to disclose its susceptibility to rebuttal, but too strongly intimates to the jury that the State has thereby made out its case. The giving of this instruction was error, and was not cured by any other instruction given either for the State or for the defendant."

In the recent case of Funches v. State, 148 So. 2d 710, the defense to the charge of murder was that the gun was accidentally discharged. The State obtained an instruction that malice might be presumed from the unlawful and deliberate use of a deadly weapon. Our Court said:

"In view of the limited issue, we think the granting of this instruction was reversible error. Shields v. State, 144 So. 2d 786 (Miss. 1962), recently reviewed the cases discussing this type of instruction. It was there observed that, where the facts and circumstances surrounding the killing have been disclosed, malice should be left for consideration of the jury, and such direction should not be granted to the state as an aid to bolster its evidence. This is the effect of the quoted instruction. This so-called presumption is rebuttable, and is more properly classified as an inference. After it is rebutted, the facts upon which the inference is based are still available to be weighed by the jury, but its principle should not be projected in an instruction, 'which not only fails to disclose its susceptibility to rebuttal, but too strongly intimates to the jury that the State has thereby made out its case.' Quick v. State, 191 Miss. 179, 2 So. 2d 812 (1941).

"The quoted language may well have been understood by the jury as intimating that defendant intentionally used the deadly weapon, which fact was the pivotal issue. With such understanding, the jury would necessarily conclude that malice aforethought could be presumed. Gee v. State, 80 Miss. 285, 31 So. 792 (1902); Johnson v. State, 223 Miss. 167, 77 So. 2d 824 (1955). Instructions of this type may be so misleading to the jury, as here, and may constitute such a useless reference to a 'presumption' or inference, that they should be used, if at all, with considerable caution. When all the evidence is in, there is no presumption. Inferences may be drawn properly by the jury from the facts before it, without the trial court invading the jury's province with a direction as to 'presumptions' or inferences. Because of the misleading nature of this instruction, and in view of the limited issue in this case, there was a reversible error in granting it.

"One of the ultimate principles of criminal law is mens rea, the intention to do the forbidden act. Jerome Hall, General Principles of Criminal Law (2d Ed. 1960), pp. 18, 70 et seq. This complex concept cannot be established by the state by relying on an instruction based on a presumption or inference. This is especially true where the key issue is whether the act was intentional or accidental. That condemned here may well be misleading to a jury, and assuredly is of no help to it in justly resolving the issue."

In the still more recent case of Hydrick v. State, No. 42, 564, decided March 4, 1963, 150 So. 2d 423, this Court said:

"A distinction is sometimes drawn between presumptions and inferences, as to both their origin and effect. It has been said in 20 Am. Jur., Evidence, Sec. 162, p. 165, that 'The line of cleavage in this respect is, at best, a tenuous one, traceable more to the confusing nomenclature upon the subject of inferences and presumptions than to any generic distinction.' In either case, however, when all the evidence surrounding an alleged crime, including the testimony of eye-witnesses on both sides, has been put in evidence, an instruction on a presumption which attempts to bolster the evidence introduced, or an instruction on an inference which attempts to supply the place of a fact, required to be proven by the state, should not be given to the jury."

(Hn 4) As heretofore stated, the parentage of the child was a material element of the case. It was uncontradicted that the child was conceived and born while appellant was married to its mother. The testimony was in sharp conflict and the instruction quoted not only failed to show that this presumption was rebuttable, but undoubtedly bolstered the testimony of the State and could very easily have been the deciding factor in the case. This instruction should not be given in a criminal case and certainly not where all the facts are in evidence

and the jury could decide the case without the benefit of presumptions. The case is reversed and remanded.

Reversed and remanded.

*Lee, P. J., and Gillespie, McElroy and Rodgers, JJ.,* concur.