**Lena Lucille Bryant RAY, Plaintiff-Appellant,**

v.

**Newton T. BRYANT et al., Defendants-Appellees.**

**No. 27157.**

United States Court of Appeals
Fifth Circuit.
June 12, 1969.

---

1. See similarly Jordan v. County of Montgomery et al., 404 F.2d 747 (3 Cir. 1969); Mayberry v. Maroney, 394 F.2d 181 (3 Cir. 1968).

R. Jess Brown, Jackson, Miss., Bruce, Darrell & Bruce, Oklahoma City, Okl., for appellant.

Bruce C. Aultman, Hattiesburg, Miss., Craig Castle, Kenneth I. Franks, Jackson, Miss., L. A. Pacific, Laurel, Miss., Forrest B. Jackson, Jackon, Miss., Vernon L. Terrell, Jr., David Gross, New Orleans, La., Gerald M. McMillian, McComb, Miss., for appellees, Simrall, Aultman & Pope, Hattiesburg, Miss., of counsel.

Before JOHN R. BROWN, Chief Judge, DYER, Circuit Judge, and HUNTER, District Judge.

PER CURIAM:

■■ Appellant asserts that she is a child and heir of John Bryant. At the time of his death in 1932, Bryant owned an undivided interest in certain properties, the subject of this litigation. If Appellant is an heir of Bryant's, she should prevail; if not, her position is without merit. Appellees propounded interrogatories which were answered under oath. On these sworn answers, Appellees moved for and were granted judgment by the District Court. These sworn answers of Appellant reveal that her mother was married to Claude Hays on February 10, 1902, and that this marriage was intact until August 10, 1928. During this time seven children, including Appellant, were born. The Court below properly held that the birth of Appellant under these circumstances establish her as the issue of Claude and Ada Hays, as a consequence of which she could not be Bryant's heir. The presumption of legitimacy in favor of children born in wedlock is universally recognized. The rule is followed in Mississippi. Moore v. Smith, 1937, 178 Miss. 383, 172 So. 317; Graham v. Lee, 1948, 204 Miss. 416, 37 So.2d 735; Boone v. State, 1951, 204 Miss. 318, 51 So.2d 473.

The judgment is
Affirmed.