PATTERSON, Justice:
This appeal is by Edward E. Watson and his wife. It arises from a decree of the Chancery Court of Choctaw County which dismissed their petition to vacate the appointment of Mrs. Eva Mae Fletcher as guardian of the children of Kenneth B. Watson and his wife, both of whom are deceased.
At the outset we note that Mrs. Eva Mae Fletcher is the maternal grandmother of the minors and the Watsons are the paternal grandparents. Mrs. Fletcher, the appellee, is a resident of Choctaw County and the Watsons, appellants, are residents of Webster County.
The issue is whether the Chancery Court of Choctaw County had jurisdiction to appoint Mrs. Fletcher the guardian of the persons and estates of the Watson children.
On September 7, 1973, Kenneth and Bernice Watson were involved in an auto/truck collision. Mr. Watson was instantly killed. Mrs. Watson survived the crash but died on October 5, 1973, unaware of her husband’s death. The Watsons were the parents of five children, from one to ten years of age, the guardianship of whom is the subject of this suit.
At the time of the accident the Watsons resided in a rented house in Webster County. They were registered to vote there and the two oldest children attended school in Webster County. On the fatal day the Watsons left their three pre-school children in the care of Mrs. Fletcher in Choctaw County. The other two children remained in school in Webster County.
After the accident, the two older children remained in Webster County with members of the Watson family while the three younger children remained with the appellee in Choctaw County. On October 5, 1973, the two older children were taken to Mrs. Fletcher’s residence in preparation for their mother’s funeral on October 7. All of the children have since remained with her in Choctaw County.
On October IS Mrs. Fletcher filed an ex parte petition in the Chancery Court of Choctaw County for a guardian to be appointed for the five Watson children. Letters of guardianship were issued to her the same day.
On November 17 the paternal grandparents filed a petition in the Chancery Court of Choctaw County to set aside the decree *32 appointing Mrs. Fletcher the guardian. The chancellor determined, from evidence substantially the same as the above, that after the death of the parents, Mrs. Fletcher stood in loco parentis to the children. He then held that circumstances had placed her in loco parentis and a denial of guardianship would be to deny the right of a parent. He concluded that a person in loco parentis to minors has the right to establish or change their domicile. The petition to vacate the guardianship was therefore denied.
The appellants contend the minor children were and still are residents of Webster County. They point out the residence or domicile of the last surviving parent determines the domicile of the minors following the demise of the parents. They argue that the parents of the minors were undoubtedly residents of Webster County at the time of their death since they maintained a home, lived, worked, voted and sent their eligible children to school in such county.
The law is unchallenged that the residence of a minor is that of his parents and remains so during the period of minority in spite of the temporary absence at school or elsewhere.
Mississippi Code Annotated Section 93-13-13 (1972), provides in part for the appointment of guardians as follows:
When a testamentary guardian has not been appointed by the parent, or, if appointed, has not qualified, the chancery court of the county of residence of a minor who has an estate, real or personal, shall appoint a general guardian of his estate for him or may appoint a general guardian of his person and estate for him. If a minor have no estate the chancery court of the county of the residence of such minor may appoint a general guardian of his person only for him, giving preference in all cases to the natural guardian, or next of kin, if any apply, unless the applicant be manifestly unsuitable for the discharge of the duties. . . . (Emphasis added).
It is apparent this section, absent intervening factors, means the Chancery Court of Webster County had exclusive jurisdiction to appoint a guardian of the person of the minors if they were residents of Webster County at the time of their parents’ death and were without an estate in another county.
The appellee contends, however, that at no time have the minors resided in Webster County since the death of their mother and that three of the children have resided in Choctaw County from the date of the accident. The argument is then advanced that Mrs. Fletcher is in loco parentis to the children, and since she resides in Choctaw County it became the residence and- domicile of the minors. In support of this position Mrs. Fletcher relies upon Farve v. Medders, 241 Miss. 75, 128 So.2d 877 (1961); and Britt v. Allred, 199 Miss. 786, 25 So.2d 711 (1946). She contends the chancellor’s adjudication is in accord with these cases in that she was in loco parentis to the children and was thereby clothed with the ensuing rights and duties of a natural parent including the choice of domicile.
An analysis of these cases reveals they are not in point. Farve and Britt both hold that a person in loco parentis cannot be deprived of this position by a suit in which he was not a p&rty or by suit in which the court had no jurisdiction over the person of the minors involved. Each proceeds from the basis of there being in existence a person in loco parentis with the rights and duties of a parent placed upon them as the result of that position. The question to be answered presently is whether Mrs. Fletcher attained the position of loco parentis.
*33 In Farve v. Medders, 241 Miss. 75, 128 So.2d 877 (1961), supra, we stated:
Under those circumstances, the Farves had rights as persons in loco parentis to the child. That term means in the place of a parent. A person in loco parentis may be defined as one who has assumed the status and obligations of a parent without a formal adoption. The rights, duties and liabilities of one standing in loco parentis are the same as those of a natural parent. Whether the relationship exists is a matter of intention and of fact to he deduced from the circumstances of the particular case. 67 C.J.S. Parent and Child §§ 71, 72. . 241 Miss. at 81, 128 So.2d at 879. (Emphasis added).
The uncontroverted facts lead us to the conclusion that the trial court erred in finding Mrs. Fletcher to be in loco parentis to the Watson children. The exigency of the circumstances, the relatively short time from the mother’s death until the appointment of a guardian, refutes, we think, the creation of an in loco parentis status carrying with it the exclusive right of custody and upbringing. We conclude that orderly procedure requires that Section 93-13-13 have application, since the minors had not lost their domicile in Webster County since the death of their mother, a resident of such county.
The statute directs the court to give preference in the appointment of a guardian to the natural guardian or next of kin. Although it does not mandate service of process upon these persons, we, nevertheless, direct, upon remand, that notice be given to the next of kin, the maternal and paternal grandparents, so that a guardian may be appointed to best serve the interest of these minors.
The letters of guardianship heretofore issued by the Chancery Court of Choctaw County are vacated due to that court’s lack of jurisdiction, and the cause is remanded to the Chancery Court of Webster County without prejudice to any of the parties for the appointment of a guardian for the Watson minors.
Reversed and remanded to the Chancery Court of Webster County.
GILLESPIE, C. J., RODGERS, P. J., and INZER, ROBERTSON, SUGG, and WALKER, JJ., concur.