Decided July 13, 1988

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

IN RE THE ESTATE OF )    CIVIL ACTION NO. 86-884P
                     )
                     )
SANTIAGO C. TUDELA,  )    **DECLARATORY DECREE AND ORDER**
                     )
        Deceased.    )
                     )

## BACKGROUND

This estate was commenced with the filing of a petition for letters of administration in November of 1986. The Administratrix was appointed on March 16, 1987. On April 24, 1987, notice was filed that Loriebell Avelino Tudela (Loriebell) claimed to be a child of the deceased and therefore an heir entitled to inherit in the estate. The claim is based upon the uncontroverted fact that Loriebell was conceived during the marriage of the deceased and Bella Avelino Tudela, the mother of Loriebell.

The Administratrix filed a petition for final distribution in August of 1987 but since there was no provision for any distribution to Loriebell, the latter, through a guardian, caused the petition to be taken off calendar.

Subsequently, another guardian (ad litem) was appointed for Loriebell pursuant to 8 CMC S 1709.

459

An impasse occurred and there was no resolution of the status of the estate. On June 22, 1988 a status conference was held at which time the mother of Loriebell indicated a motion for declaratory relief would be filed forthwith to bring the matter to a head. The motion was filed and served on the same day. The opposition of the Administratrix was filed on July 6th but not served on the movant until July 7th. The opposition of the nieces and nephews of the decedent was not filed until July 11th, the date of the hearing, although it appears a facsimile was sent to movant on July 7th.

## MOVANT'S MOTION TO STRIKE

Neither the Administratrix nor the other heirs of the decedent timely filed their opposition to the motion. Com.R.Prac. 8(a)(2).

The civil and practice rules were amended to provide longer times in which to set a motion for hearing (14 days), to file opposition thereto (5 days) and a reply thereto (2 days). This court has indicated several times that there must be strict adherence to the rules.

Movant's motion to strike the oppositions filed by both the Administratrix and the heirs is granted.

## MOVANT'S MOTION FOR DECLARATORY RELIEF

All parties to this litigation acknowledge and concede

the statutory (8 CMC § 1704(a)(1)) and common-law (see, Ray v. Bryant, 411 F.2d 1204 (5th Cir.1969); 10 AmJur2d Bastards, § 10; 10 CJS, Bastards, § 3) presumption that a child born in wedlock is the child of the husband and wife.

It is the movant's position that this matter is governed by the Uniform Parentage Act, 8 CMC §§ 1700 et seq., and the Act provides no standing for the Administratrix and the other heirs to challenge the paternity of Loriebell.

8 CMC § 1706(a)(2) states that only the child, the natural mother, or a man presumed to be the natural father can bring an action to declare the non-existence of the father and child relationship. Since the heirs and the Administratrix are neither the child nor the natural mother, they do not have standing to contest this action. This conclusion is buttressed by the wording found in § 1706(b) in which any other interested party may bring an action for determining the non-existence of the father/child relationship where other non-pertinent presumptions apply. Thus, it is clear that to attack the presumption of a child born in wedlock is the child of the husband, only the child, putative father and mother have standing.

The result is that if the father or purported father has died and the child and mother do not contest the father/child relationship, no one else can do so.

461

The social reasons for this result are evident. Otherwise, third parties with a financial stock in the outcome, would be allowed the right to prove the child a bastard which is against the common-law.

As pointed out by the movant, Santiago Tudela could have brought an action pursuant to the Uniform Parentage Act as soon as he found out about his wife's pregnancy. The matter would have been stayed until the birth (8 CMC S 1706(e)) and depositions could have been taken to perpetuate testimony.

Here, Santiago Tudela survived the birth of Loriebell by five months so there was ample opportunity for a full challenge by Tudela to overcome the presumption.

This case does not present a situation where the putative father had no chance to contest paternity.

The Court has been advised, almost as a peripheral matter, that the mother of Loriebell stated in writing that Santiago Tudela was not the father of Loriebell. A divorce decree (Exhibit A attached to Movant's motion) does indicate that: "The parties have no children." This is contrary to the birth certificate of Loriebell (Exhibit B attached to the motion) which named Santiago Tudela as the father.

Be that as it may, there is no indication that Loriebell is bound in any way by what her mother said in any marital settlement agreement or divorce proceeding.

The divorce decree is a final adjudication between Santiago C. and Bella A. Tudela. However, Loriebell was not a party to that litigation and she is not bound by the determination of her status therein. Gonzales v. Pacific Greyhound Lines, 214 P.2d 809, 811 (Cal.1950); Daniels v. Daniels, 300 P.2d 335, 338 (Cal.App.1956); In re Stroope's Adoption, 233 Cal.App.2d 581, 43 Cal.Rptr. 40, 43 (1965); Ruddeck v. Ohls, 91 Cal.App.3d 271, 154 Cal.Rptr. 87, 96 (1979).

In short, the court concludes that the Uniform Parentage Act governs this matter. That Act, as well as the common-law, establishes a strong presumption in favor of legitimacy and against bastardy and the Administratrix and the other heirs of the deceased have no standing to attempt to show the non-existence of the father/child relationship.[*]

Accordingly;

IT IS DECREED that Loriebell Avelino Tudela is the child of Santiago Tudela and shall share in the estate to the

---

[*]At oral argument the Administratrix and heirs argued that the Probate Act governed and suggested some procedure which would allow them to rebut the presumption of legitimacy. Not only were they unable to define the statute (and procedure), it is noted that the Administratrix has failed to this date to file or present anything to establish non-existence of the father/child relationship. This case is distinguished from the heirship proceedings in Estate of Guerrero (CTC Civil Action No. 87-294). No presumption under the Uniform Parentage Act existed in that case.

extent allowed by the intestate succession laws of the Commonwealth.

Pursuant to the Order, Re: Status Conference in the companion case of Pangelinan v. Tudela, CTC Civil Action No. 86-881;

IT IS FURTHER ORDERED:

1. A hearing be held within 30 days to resolve the ownership of the funds at issue in Civil Action No. 86-881. To establish a convenient date, counsel shall notify the court within 5 days of this date as to an available date. Failing that, the court shall set the date.

2. The court will entertain a motion on short notice to find a substitute administrator for the estate because of the conflict the current Administratrix and counsel will have.

Dated at Saipan, MP, this 13th day of July, 1988.

_____
Robert A. Hefner, Chief Judge