JOHNSON *v.* STATE.

No. 39412 February 14, 1955 77 So. 2d 824

*Wingo & Finch,* Hattiesburg; *H. C. Moynihan,* Laurel, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant was convicted of murder and the death penalty was imposed.

Our disposition of the case obviates a detailed statement of the facts. On the evening of February 13, 1954, Ard D. Rushton and a young lady companion were sitting in a parked truck on a side road near the City of Laurel. Appellant, with the obvious intention to commit robbery, approached the truck and fired two 22-rifle shots ahead of the truck and three into the truck. One shot struck Rushton in the head, killing him. Appellant opened the truck door, then became frightened and fled. Appellant drove to his father-in-law's home in Covington County, where he first hid the gun. Later, he took the gun into the woods and tried to destroy it with an axe. Finally, he burned the stock and buried the remaining metal parts of the gun and covered the place with leaves and brush. After his arrest, appellant made a full confession and showed the officers where to find the buried gun. From shell cases picked up at the scene of the crime, and comparing them with shell cases fired from another similar gun to which had been affixed the extractor, ejector, breach, and firing pin from the buried weapon, it was shown that the buried gun was the one used in the killing of Rushton. This comparison was made by a qualified fire arms expert. Other physical evidence proved conclusively that appellant killed Rushton. Appellant's only defense was insanity, and he did not testify at the trial.

The proof on the question of insanity was made by members of appellant's family, but was corroborated to a considerable extent by disinterested witnesses; and it was sufficient to show, had the jury believed it, that appellant's grandfather died in an insane asylum, and

an uncle is now in an insane asylum; that appellant never passed from the first grade in school, and from a very early age had been mentally deficient. Various acts were testified about, indicating appellant had a low mentality, and on numerous occasions acted in such ways that the jury might have been justified in believing him insane and did not know the difference between moral right and wrong.

The State's proof on the question of insanity was largely that of the officers who had custody of the appellant for a period of about three weeks prior to the date of the trial.

 █ Appellant assigns as error the granting of the following instruction: ''The court instructs the jury for the State that the deliberate use of a deadly weapon in any difficulty, not in necessary self defense, is in law, evidence of malice.'' The granting of this instruction was error in this case. We think the circumstances attending the shooting of Rushton by appellant is fully disclosed by the evidence. Instructions similar to the one here under consideration have been considered by this Court in many cases, beginning with McDaniel v. State, 8 S. & M. (16 Miss.) 401, decided over a hundred years ago. In that case, it was said: ''When the fact of the killing, with all its attendant circumstances, is clearly proved, and the testimony either shows express malice, or that there was no malice at all, there is no room for presumption. But in cases where the killing is proved, and no accompanying circumstances appear in the evidence, the law presumes the killing was done maliciously . . . as if a deadly weapon were used, the law presumes malice.'' This Court has repeatedly held that where the facts attending the use of a deadly weapon are in evidence, the presumption of malice arising from its use is swallowed up by, and yields to, the evidence. Tullos v. State (Miss.) 75 So. 2d 257, and cases therein cited.

 ■ We think the form of this instruction is objectionable in that it used the words, "is in law, evidence of malice." The law raises a presumption of malice from the deliberate use of a deadly weapon in a killing or difficulty. Such presumption should not be designated as evidence in an instruction. Similar instructions using the term "evidence" instead of "presumption" have appeared in a number of cases before this Court with apparent approval, although we have not noted one in which the distinction between a presumption and evidence has been urged on the Court.

The instruction is also objectionable in that it is peremptory in character. The effect of this instruction is to tell the jury that there is "evidence of malice," and, therefore, malice, an essential ingredient of the crime of murder, has been proven. Cf. Riley v. State, 109 Miss. 286, 68 So. 250. Both the "deliberate" use of a deadly weapon and the presence of the mental element of "malice" necessarily imply that the accused was sane and could distinguish between moral right and wrong. For a person to make "deliberate use" of a deadly weapon with malice presupposes the sanity of such person. Nor was the error committed by granting this instruction cured by the instructions given the appellant on the sanity issue. ". . . a charge must not be framed in such language as to introduce the danger that the jury may think therefrom that a disputed or essential fact has been, in the opinion of the court, established as true." Marble v. State, 195 Miss. 386, 15 So. 2d 693.

The question arises whether upon all the evidence, the jury could reasonably have arrived at but one conclusion, and this beyond a reasonable doubt, as would be necessary in order to hold the instruction harmless error. As to this we can only say that reasonable minds could have differed on the question of guilt or punishment by reason of the conflict in the evidence on the sanity issue. We cannot say with any degree of confidence that the

granting of the instruction did or did not influence the jury—but this we can say with confidence—if the instruction was carefully read and analyzed, it may have affected the verdict, which is to say that it was harmful error to grant the instruction.

Appellant also assigns as error the overruling of a motion for a continuance so that appellant's attorney could obtain and use certain military records, the contents of which is unknown to this Court. While some of the judges think this was error, it becomes unnecessary to discuss the merits of the motion, since the question will not arise on another trial. It is sufficient to here say that in the exercise of the court's sound discretion, taking into consideration all the factors properly bearing on a motion for continuance, every facility should be made available to the accused to the end that the case can be properly prepared and all reasonably available evidence be presented at the trial.

The record in this case indicates that the witnesses for the accused were not allowed to testify to statements made by the accused in describing acts of the accused indicating insanity, and limited such testimony to the acts of the accused. This limitation on the testimony should not be imposed. Acts and statements of the accused are admissible on the issue of the sanity of the accused.

Taking the whole record into consideration, we are of the opinion that this case should be, and it is, reversed and remanded.

Reversed and remanded.

All Justices concur.