FUNCHES v. STATE

No. 42456        January 14, 1963        148 So. 2d 710

*Prewitt & Bullard,* Vicksburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant, Athen Lee Funches, was convicted of murder in the Circuit Court of Warren County, and was sentenced to a life term in the penitentiary. He admitted shooting his paramour with a pistol, but contended the killing was accidental.

(Hn 1) The evidence, although conflicting, sufficiently supports the jury's verdict. Funches and Alice Marie Lacey, deceased, both Negroes, were not married but had been living together for about two years. The jury was warranted in finding that Funches was upset and angry about another man, Gibson, with reference to Alice; that he and Alice had arguments about Gibson, and she threatened to leave him. On the day before the homicide, Funches threatened to kill her. According to the testimony of a 13-year-old neighbor, Jimmy Barnes, while Alice and Funches were removing her clothes from a cabinet, preparatory to her leaving, and Alice was laying across the bed, Funches took his pistol, cocked it, aimed it at her, and pulled the trigger, shooting her in the back. Defendant claimed that the pistol discharged accidentally while Alice was walking across the room. The city police court judge, who presided on preliminary hearing, said he remembered Barnes there stating that he was not looking at either of the parties when the shot was fired, but Barnes denied this. These and other conflicts in the evidence were for the jury.

However, in this posture of the case, the sole issue was whether the shooting was intentional or accidental. The state obtained this instruction: "The court instructs the jury for the state that malice aforethought mentioned in the indictment may be presumed from the unlawful and deliberate use of a deadly weapon."

(Hn 2) In view of the limited issue, we think the granting of this instruction was reversible error. Shields v. State, 144 So. 2d 786 (Miss. 1962), recently reviewed the

cases discussing this type of instruction. It was there observed that, where the facts and circumstances surrounding the killing have been disclosed, malice should be left for consideration of the jury, and such direction should not be granted to the state as an aid to bolster its evidence. This is the effect of the quoted instruction. This so-called presumption is rebuttable, and is more properly classified as an inference. After it is rebutted, the facts upon which the inference is based are still available to be weighed by the jury, but its principle should not be projected in an instruction, "which not only fails to disclose its acceptability to rebuttal, but too strongly intimates to the jury that the state has thereby made out its case." Quick v. State, 191 Miss. 179, 2 So. 2d 812 (1941).

The quoted language may well have been understood by the jury as intimating that defendant intentionally used the deadly weapon, which fact was the pivotal issue. With such understanding, the jury would necessarily conclude that malice aforethought could be presumed. Gee v. State, 80 Miss. 285, 31 So. 792 (1902); Johnson v. State, 223 Miss. 167, 77 So. 2d 824 (1955). Instructions of this type may be so misleading to the jury, as here, and may constitute such a useless reference to a "presumption" or inference, that they should be used, if at all, with considerable caution. When all the evidence is in, there is no presumption. Inferences may be drawn properly by the jury from the facts before it, without the trial court invading the jury's province with a direction as to "presumptions" or inferences. Because of the misleading nature of this instruction, and in view of the limited issue in this case, there was a reversible error in granting it.

(Hn 3) One of the ultimate principles of criminal law is *mens rea,* the intention to do the forbidden act. Jerome Hall, General Principles of Criminal Law (2d Ed. 1960), pp. 18, 70 *et seq.* This complex concept cannot be es-

tablished by the state by relying on an instruction based on a presumption or inference. This is especially true where the key issue is whether the act was intentional or accidental. That condemned here may well be misleading to a jury, and assuredly is of no help to it in justly resolving the issue.

Reversed and remanded.

*McGehee, C. J., and Kyle, Gillespie, and Rodgers, JJ.,* concur.