210 So.2d 666 (1968)
C.O. CHINN
v.
STATE of Mississippi.
No. 44496.
Supreme Court of Mississippi.
May 20, 1968.
*667 Alvin Bronstein, R. Jess Brown, James A. Lewis, Jackson, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
ETHRIDGE, Chief Justice:
C.O. Chinn, appellant, was indicted by a Madison County, Mississippi, grand jury of assault and battery with intent to kill William Longgrear. The venue was changed to the First Judicial District of Hinds County, the jury found him guilty, and the circuit court sentenced appellant to ten years in the state penitentiary. Because of substantial errors in the trial, we reverse the conviction and remand this case for a new trial.
Around 9:30 p.m., on the evening of June 22, 1966, a smoke bomb or other type of explosive was thrown from a passing car at a house used by civil rights workers in Canton, called the "Freedom House," at 838 Lutz Street. Chinn, a Negro and civil rights worker, tried to follow in his automobile the car from which the object had been thrown. This pursuit led to the Southland Cafe, a restaurant frequented by young white men. The state's version, supported by several asserted eyewitnesses, was that Chinn drove by slowly in his automobile, with his left hand on the steering wheel, and his right hand holding a revolver, which he fired twice at Longgrear, with one bullet grazing the outside of his *668 left arm, and a bullet hole penetrating his shirt. Various objects were thrown at Chinn's car by some of the young men at the cafe, and profanity was exchanged on both sides. On the other hand, the defense version, supported by three witnesses (defendant did not testify), was that Chinn's car, with its windows up and air-conditioning on, was attacked by the crowd at the Southland Cafe; that bottles and cans were thrown at his car; and that his three witnesses heard sounds which resembled gunshots, but they did not come from Chinn's vehicle and Chinn did not have a gun in his possession.
Defendant filed a motion to quash the indictment of the Madison County Grand Jury on the ground of systematic exclusion of Negroes. The motion requested the privilege of presenting sworn testimony on this issue before trial. This motion to quash was overruled on its face, without permitting defendant to offer testimony on the averments in the motion. In short, the trial court in effect declined to hear evidence on that issue. This was reversible error. Whether or not a defendant can establish an alleged racial discrimination, due process of law demands that he have his day in court on this issue, and this, of course, includes a reasonable opportunity to produce his evidence concerning it. Pollard v. State, 205 So.2d 286 (Miss. 1967); Coleman v. State of Alabama, 377 U.S. 129, 84 S.Ct. 1152, 12 L.Ed.2d 190 (1964); State v. Inman, 260 N.C. 311, 132 S.E.2d 613 (1963); Annot., 1 A.L.R.2d 1291, 1297 (1948); cf. Harris v. State, 206 So.2d 829 (Miss. 1968).
The only reply which the State makes to this point is that since the passage of the Voting Rights Act of 1965, 42 U.S.C.A. § 1973d (Supp. 1967), appellant's brief reflects that Federal Registrars have been in Madison County registering, along with the circuit clerk, any and all persons who desire to register; and that once a system has been changed, prior discrimination, if any, is immaterial. There is no evidence in the record as to the effect of registrations in Madison County since the effective date of the above statute. We hold only that appellant was entitled to offer such evidence as might be relevant in support of his motion to quash the Madison County indictment. It was error to deny him that right.
Another reversible error in the trial was the granting to the state of the following instruction:
The Court instructs the jury for the State that the presumption of innocence which the law throws around the defendant as a shield and safeguard is not intended to shield from punishment anyone who is in fact guilty, but is simply a humane provision of law to guard against the conviction of any innocent person and the Court further says to you positively that if you believe from the evidence in this case beyond a reasonable doubt that the defendant is guilty as charged in the indictment then it is your sworn duty to say guilty by your verdict, regardless of the presumption of innocence and the further fact that the burden of proof is upon the State.
This type of instruction on the presumption of innocence, and variations upon it, has a long history. This Court has condemned it as being too illusory for the ordinary juror to comprehend, "too smart," misleading, and calculated to confuse the jury. In Murphy v. State, 195 So.2d 847 (Miss. 1967), it was held that in future cases the granting of this instruction will constitute error, and in close cases, that "it alone will constitute reversible error." Id. at 848. Prosecuting attorneys for the state were directed to refrain from requesting it, and trial judges to refuse to grant it. In Keith v. State, 197 So.2d 480 (Miss. 1967), the Court reviewed the history of this instruction, held that it had "proven to be harmful," and that it was error and "in most cases will be considered prejudicial to the defendant's right to a fair trial." Id. at 483. This instruction tends to lessen *669 the burden of proof and to denigrate the presumption of innocence.
Moreover, the present instruction is, if anything, substantially more prejudicial than the ones given in some of the earlier cases, in which those instructions pointed out that the presumption of innocence continued throughout the trial until it was overthrown by competent testimony, and that the burden of proof was on the state to establish defendant's guilt from the evidence beyond a reasonable doubt. The instant instruction does not mention these factors. For all of these reasons, the granting of this instruction to the state was reversible error.
This Court has long held that an instruction on an asserted "presumption" of malice from the use of a deadly weapon is proper only where the testimony has failed to establish the circumstances of the use of the weapon. Where all of the facts and circumstances have been detailed in the evidence, the question of malice should be left for the consideration of the jury, and the granting of such an instruction is error. Nevertheless, the state requested and was granted the following instruction:
The Court instructs the Jury for the State that malice aforethought mentioned in the indictment may be presumed from the unlawful and deliberate use of a deadly weapon.
This instruction should not have been granted. The so-called "presumption" is rebuttable, and is more properly classified as an inference, even if available in a particular case. It should not be projected in an instruction which fails to disclose its susceptibility to rebuttal, and intimates to the jury that the state has thereby made out its case. Inferences may be drawn properly by the jury from the facts before it, without the trial court invading the jury's province with a direction as to "presumptions" or inferences. Barnette v. State, 252 Miss. 652, 173 So.2d 904 (1965); Hydrick v. State, 246 Miss. 448, 150 So.2d 423 (1963); Funches v. State, 246 Miss. 214, 148 So.2d 710 (1963); Shields v. State, 244 Miss. 543, 144 So.2d 786 (1962).
Reversed and remanded.
RODGERS, JONES, BRADY and SMITH, JJ., concur.