226 So.2d 911 (1969)
Elsie Davis STEWART
v.
STATE of Mississippi.
No. 45495.
Supreme Court of Mississippi.
October 6, 1969.
Clyde W. Mullins, Cecil Gill Smith, Jr., Natchez, for appellant.
A.F. Summer, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
ETHRIDGE, Chief Justice.
Elsie Davis Stewart, appellant, was convicted in the Circuit Court of Adams County for shooting Lucille Chatman with intent to kill. Appellant admitted the shooting, but interposed a plea of self-defense. She and Chatman were the only eye witnesses to the incident who testified, and their accounts of the incident conflicted sharply. Accordingly, the key issue before the jury was whether appellant had acted with the specific intent required for this offense. *912 The State obtained the following instruction:
The Court instructs the jury for the State that malice aforethought mentioned in the indictment may be presumed from the unlawful and deliberate use of a deadly weapon.
In a long line of cases, this Court has held that an instruction on an asserted presumption of malice from the use of a deadly weapon is proper only where the testimony has failed to establish the circumstances of the use of the weapon. Where the facts have been set forth in the evidence, as here on conflicting testimony, the question of malice should be left for the consideration of the jury, and the granting of such an instruction is error. Chinn v. State, 210 So.2d 666 (Miss. 1968); Hydrick v. State, 246 Miss. 448, 150 So.2d 423 (1963). An instruction of this type can be very misleading to a jury. It certainly constitutes an unfair reference to a nonexistent presumption, because when all of the evidence is in, there is no presumption. Moreover, an instruction on a presumption in this posture of a case is a manifest attempt to bolster the state's evidence. Where the testimony has shown the circumstances of the use of the weapon, the district attorney should not request and the circuit court should not grant an instruction on a presumption of malice from the use of a deadly weapon. It was reversible error to give this instruction in this case.
Since the case is to be tried anew, a brief comment on other assignments of error is appropriate. The circuit court did not err in excluding evidence of previous threats and provocations by the prosecuting witness toward the appellant, which occurred six months before the shooting. The court's reason for the exclusion was that the prior difficulty was too remote in time. The determination of whether evidence is too remote to be relevant is ordinarily left to the discretion of the trial judge, and his decision will not be reversed in the absence of a clear proof of abuse of that discretion. R. Anderson, Wharton's Criminal Evidence, § 149 (12th ed. 1955). We cannot say that there was an abuse of discretion in this instance. For that reason also, the trial court was not in error in denying the instruction requested by appellant as to justification for carrying a concealed weapon.
Reversed and remanded.
RODGERS, JONES, BRADY and INZER, JJ., concur.