257 So.2d 855 (1972)
Dannie M. BLACKWELL
v.
STATE of Mississippi.
No. 46617.
Supreme Court of Mississippi.
January 24, 1972.
Daniel P. Self, Jr., Thomas L. Goldman, Goldman & Goldman, Meridian, for appellant.
A.F. Summer, Atty. Gen., by John M. Kinard, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
Dannie M. Blackwell was tried for murder in the Circuit Court of Lauderdale County, Mississippi. The instructions submitted the issues of murder and manslaughter. He was found guilty of murder and sentenced to the penitentiary for life.
On the night of the homicide involved in this case, the defendant had been at a night club when the club closed about twelve o'clock. The deceased, Billy Roy Russell, was also a patron of the night club but the parties were not acquainted. As they were making their departure from the night club, some words passed between the accused and Russell, which appeared at most to be a minor argument, whereupon the accused drew his gun and shot Billy Roy Russell, fatally wounding him. The accused had recently returned from combat service in Vietnam and was home on leave when the homicide occurred. His defense was insanity.
Defendant assigns as error the granting at the request of the state the following instruction:
The Court instructs the jury for the State that malice is implied by law from *856 the nature and character of the weapon used and that the deliberate use of a deadly weapon in a difficulty not in necessary self-defense is in law evidence of malice.
One hundred twenty-five years ago this Court condemned a similar instruction. McDaniel v. State, 16 Miss. 401 (1847). A review of the digest reveals more than twenty cases where similar instructions have been held erroneous.
In Johnson v. State, 223 Miss. 167, 77 So.2d 824 (1955), this Court considered an instruction essentially the same as that involved in the present case. In that case the circumstances of the killing and the defense were strikingly similar in principle to the present case, and the Court found that the instruction was reversible error. In Johnson, the Court stated that the instruction was objectionable (1) because it stated that the deliberate use of a deadly weapon "is in law, evidence of malice;" (2) because it was peremptory in character; and (3) because it presupposed the sanity of the accused. Recent decisions have condemned this instruction as reversible error, especially where all the facts are shown by the evidence. Stewart v. State, 226 So.2d 911 (Miss. 1969). For the reasons stated in Johnson v. State, supra, we cannot say that the error in this case was harmless. Therefore, the case must be reversed and remanded for a new trial.
The other assignment of error vigorously argued in this case is that the defendant overcame the presumption of sanity and the state failed to meet its burden of establishing the sanity of the defendant beyond a reasonable doubt. This argument is to a considerable extent premised on the fact that the defendant offered testimony of a psychiatrist and the state did not introduce expert evidence on rebuttal. However, we hold that the issue of insanity was for the jury under the facts of this case. Keeler v. State, 226 Miss. 199, 84 So.2d 153 (1956).
Gambrell v. State, 238 Miss. 892, 120 So.2d 758 (1960), is clearly distinguishable on the facts and is not applicable here.
Reversed and remanded.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.