493 So.2d 327 (1986)
Robert CARTER
v.
STATE of Mississippi.
No. 55659.
Supreme Court of Mississippi.
July 30, 1986.
*328 J.M. Ritchey, Cain, Cain & Ritchey, Canton, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Leyser Q. Morris and DeWitt Allred, Sp. Asst. Attys. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and ROBERTSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Robert Carter was convicted in the Circuit Court of Madison County, Mississippi, Honorable R.L. Goza, presiding, on a charge of murder less than capital and was sentenced to life in custody of the Mississippi Department of Corrections. He has appealed to this Court and assigns four errors in the trial below.

I.

THE LOWER COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR A DIRECTED VERDICT AND REQUEST FOR A PEREMPTORY INSTRUCTION OF NOT GUILTY OF MURDER; AND THE VERDICT OF THE JURY WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
Appellant resided at 586 Johnson Street, Canton, Mississippi. He was divorced from his former wife, Bobbie Carter Poole. The ex-wife had moved to the State of Michigan, but returned to Canton and, being unable to find a place to live, was temporarily staying in appellant's home. On July 30, 1983, Linda McGee, appellant's fiance, came by his home to pick up some personal articles. Ms. Poole apparently did not like Ms. McGee and asked her to leave. Appellant went to his bedroom, picked up his pistol and was escorting Ms. McGee to her *329 automobile. Ms. Poole followed them outside to Ms. McGee's car, an argument ensued, and blows were exchanged. Zachary Goff, Ms. Poole's son, ran out of appellant's house toward them and appellant shot him in the left temple with the pistol, resulting in Goff's death.
Appellant's defense was a hybrid self-defense and accidental shooting. He testified that Goff was attacking him and, while he was attempting to switch the pistol from his left hand to right hand, his arm was pushed against a fence and the gun accidentally discharged. However, appellant never claimed to arresting officers that the shooting was accidental. He does not cite authority to support his first assignment of error. In the absence of citations, this Court is not required to consider the assignment. Smith v. State, 430 So.2d 406 (Miss. 1983); Pate v. State, 419 So.2d 1324 (Miss. 1982); Ramseur v. State, 368 So.2d 842 (Miss. 1979). Even so, an issue of guilt was submitted to the jury on conflicting evidence, and resolved against the appellant. We are of the opinion that the evidence fully supports the verdict of the jury. Griffin v. State, 480 So.2d 1124 (Miss. 1985); Tigner v. State, 478 So.2d 293 (Miss. 1985); Hammond v. State, 465 So.2d 1031 (Miss. 1985); Jackson v. State, 440 So.2d 307 (Miss. 1983); Saik v. State, 387 So.2d 751 (Miss. 1980); Warn v. State, 349 So.2d 1055 (Miss. 1977).

II.

THE JURY WAS SEQUESTERED BUT SEPARATED. IN ATTEMPTING TO DETERMINE WHETHER THERE WAS JURY TAMPERING, THE LOWER COURT IMPROPERLY IMPEACHED A DEFENSE WITNESS.
The jury retired to the jury room and was in recess while a bailiff escorted one of the jurors to a restroom. During this period, two witnesses, Sheila McCullough and Linda McGee Carter, inadvertently entered the jury room to obtain coffee. Appellant contends that the sanctity of the jury was violated and the incident requires reversal of the case.
When the matter was brought to the attention of the trial judge, he conducted an inquiry outside the presence of the jury to determine whether or not anything was done or said in the jury room while the two women were present, which related to the trial and charge against appellant, or influenced the jury in any way. Without contradiction, it was developed that the women went into the jury room by mistake; that no conversation was had with any juror; and that nothing occurred, which would influence or affect the jury in its deliberation and decision of the case.
Appellant argues that the court's manner of investigation caused the improper impeachment of Linda McGee Carter, who was an important defense witness.
Appellant cites Woods v. State, 43 Miss. 364 (1870) and cases following Woods to support his position. The reasoning of Woods is not pertinent to the case sub judice, where there was an inadvertent separation of the jury for a brief time. See Lampley v. State, 291 So.2d 707 (Miss. 1974). In the trial of cases during modern times, inadvertent or brief separations can hardly be prevented, regardless of accomodations and the number of bailiffs. Every case has to be decided on its own facts in regard to what happened. The possibility that influence might have been used on a jury is not enough to set aside a conviction and any presumption of prejudice may be rebutted by an affirmative showing that no such prejudice exists. Anderson v. State, 231 Miss. 352, 95 So.2d 465 (1957); Pepper v. State, 200 Miss. 891, 27 So.2d 842 (1946).
The trial judge's inquiry included placing Ms. McCullough and Mrs. Carter under oath and interrogating them outside the jury's presence, and inquiring of the jury as to whether anything occurred that would influence them in their decision. We are of the opinion that nothing tainted or influenced the jury and that there is no merit to appellant's claim that the inquiry amounted to an impeachment of the witness, Linda McGee Carter.

*330 III.

THE LOWER COURT ERRED IN GRANTING JURY INSTRUCTION NO. S-6.
The Instruction S-6 follows:
The Court instructs the jury that in the event you find from the evidence beyond a reasonable doubt that Robert Carter caused the death of Zachery Goff by shooting the said Zachary Goff with a deadly weapon in a manner calculated to destroy his life, then malice may be inferred from the use of the weapon.
Instructions in forms similar to the above have been before the Court for many years and a long line of cases have discussed such instructions.[1] They have used the phrase "malice is presumed," "evidence of malice," "malice may be inferred," etc. There is confusion among the Bench and Bar as to when the instruction properly may be granted. When all the evidence in a case has been adduced, the presumption, if any at the outset, disappears. The jury will draw inferences from the evidence without the State bolstering its evidence, as the appellant here claims. An instruction such as S-6, in its many forms, should be granted only where the evidence has failed to establish the circumstances surrounding use of the weapon. Where the facts have been set forth, even on conflicting testimony, the question of malice should be left for the consideration of the jury. Stewart v. State, 226 So.2d 911 (Miss. 1969); Chinn v. State, 210 So.2d 666 (Miss. 1968); Hydrick v. State, 246 Miss. 448, 150 So.2d 423 (1963). Since it is apparently so difficult for the Bench and Bar to recognize the proper case in which it may be granted, rarely should the prosecution seek, and the court give, such an instruction.
We have carefully considered all of the instructions granted in the case sub judice. At the request of the appellant, the jury was thoroughly instructed as to the commission of a homicide, either accidentally or intentionally, by a person in the position of appellant; on the claim of self-defense; and on the essential elements, which constitute the crime of murder. Also, a manslaughter instruction was given. In addition, instructions requested by the appellant, viz, D-1, D-2, and D-3, explained and presented on his behalf every right and defense to the charge. When Instruction S-6 is considered along with all the other instructions in the case, we are of the opinion that beyond a reasonable doubt, there was no confusion to the jury or prejudice to the appellant in the granting of the instruction and, if error, such error was harmless.

IV.

THE LOWER COURT ERRED IN GRANTING JURY INSTRUCTIONS S-1, S-2, S-3 AND S-6 WHEN SUCH INSTRUCTIONS HAD NOT BEEN PREFILED.
Appellant contends that under Rule 2.10 of Uniform Circuit Court Rules, the State's instruction should have been prefiled twenty-four (24) hours ahead of trial; that the prosecution failed to do so; and that reversible error was committed.
In Greene v. State, 406 So.2d 805 (Miss. 1981), this Court held:
The crux of the argument is that the state did not prefile its jury instructions *331 in accordance with Miss. Uniform Crim.R. of Cir.Ct.Pract.R. 5.03 (1979) and that therefore he was denied adequate time within which to review the instructions and make objections to them. The record does show that well thought out objections were made by defense counsel to the instructions which the state presented to the court. Perusal of the record does not reveal any showing that the defendant was prejudiced or harmed by the failure of the state to prefile its instructions. There being no indication from the record as to how or in what manner the defendant was prejudiced, the trial judge's failure to require prefiling of the instructions does not constitute reversible error. Gray v. State, 387 So.2d 101 (Miss. 1980); Ferrill v. State, 267 So.2d 813 (Miss. 1972).
406 So.2d at 809. See Rule 5.03, Mississippi Uniform Criminal Rules of Circuit Court Practice; Evans v. State, 457 So.2d 957 (Miss. 1984).
There being no reversible errors in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] Allison v. State, 274 So.2d 678 (Miss. 1973); Blackwell v. State, 257 So.2d 855 (Miss. 1972); Stewart v. State, 226 So.2d 911 (Miss. 1969); Hydrick v. State, 246 Miss. 448, 150 So.2d 423 (1963); Funches v. State, 246 Miss. 214, 148 So.2d 710 (1963); Shields v. State, 244 Miss. 543, 144 So.2d 786 (1962); Johnson v. State, 223 Miss. 167, 77 So.2d 824 (1955); Tullos v. State, 222 Miss. 90, 75 So.2d 257 (1954); Smith v. State, 205 Miss. 283, 38 So.2d 725 (1949); Bridges v. State, 197 Miss. 527, 19 So.2d 738 (1944); Busby v. State, 177 Miss. 68, 170 So. 140 (1936); Batiste v. State, 165 Miss. 161, 147 So. 318 (1933); Winchester v. State, 163 Miss. 462, 142 So. 454 (1932); Smith v. State, 161 Miss. 430, 137 So. 96 (1931); Walker v. State, 146 Miss. 510, 112 So. 673 (1927); Cumberland v. State, 110 Miss. 521, 70 So. 695 (1915); Brandon v. State, 75 Miss. 904, 23 So. 517 (1898); Hansford v. State, 11 So. 106 (Miss. 1891); Hawthorne v. State, 58 Miss. 778 (1881); Lamar v. State, 63 Miss. 265 (1885); McDaniel v. State, 16 Miss. (8 Smedes & M.) 401 (1847).