# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-KA-00562-SCT

*BRODRICK AKEEM MOODY a/k/a BRODRICK MOODY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/16/2014 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| TRIAL COURT ATTORNEYS: | JACK THAMES |
| | CHRISTOPHER COLLINS |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMUND J. PHILLIPS, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | MARK SHELDON DUNCAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 10/27/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., COLEMAN AND MAXWELL, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Brodrick Moody was found guilty of possession of a cell phone while confined in a correctional facility and was sentenced to serve ten years, to run consecutively to the sentence he was serving. Moody asserts the trial court erred in instructing the jury as to the applicable law and burden of proof. We find that the trial court erred in instructing the jury and reverse Moody's conviction, vacate his sentence, and remand for a new trial consistent with this opinion.

## STATEMENT OF THE FACTS AND PROCEEDINGS BELOW

¶2.     Moody was indicted by a Leake County grand jury for "willfully and feloniously possess[ing] a cell phone while confined in a correctional facility . . . in violation of Section 47-5-193, Miss. Code Ann. (1972)." At trial, Tommy Duck, an officer for the Leake County Correctional Facility ("Facility") and the Sheriff's Office, testified that on October 2, 2013, he was involved in conducting a "shakedown" by which prisoners are strip-searched, common areas are searched, and prisoners' personal items and areas are searched. Duck searched inmate Moody in a common area of the prison. While Moody was dressing, Duck observed Moody reach down to pick up something off the floor. Duck asked Moody to hand him what Moody had picked up off the floor. Moody handed him a cell phone. Duck then turned the phone over to Lieutenant Michael Beasley, the officer in charge of the shakedown. Duck filled out an incident report and a rules violation report. Duck testified that he found no other cell phones or cell phone accessories during his search of other prisoners while conducting the shakedown.

¶3.     Beasley, Assistant Chief of Security for the Facility, testified that he was observing the officers during the shakedown strip-search of inmates at the Facility on October 2, 2013. Beasley testified that he was given a phone found by Duck after Duck searched inmate Moody. Beasley then placed the phone in an evidence bag and placed the bag in the evidence locker located in the captain's office.

¶4.     Investigator Justin Sims, employed by the Leake County Sheriff's Office, testified that he retrieved the cell phone from the Facility on October 14, 2013. The cell phone was then

placed in an evidence locker at the Sheriff's Office and later was moved to a vault. Following Sims's testimony, the State rested.

¶5.     Moody moved for a directed verdict, but this motion was overruled by the trial court. Moody elected not to testify, and the defense rested without putting on any witnesses. The jury returned a verdict which found Moody "guilty as charged." Moody was sentenced to a term of ten years in the custody of the Mississippi Department of Corrections, with his sentence to run consecutively to the sentence he already was serving.

¶6.     Moody filed a motion for a new trial, which was denied. Moody was granted leave to file an appeal in forma pauperis. Moody raises only one issue on appeal– whether the trial court erred in granting jury instruction S-4.[1]

## STANDARD OF REVIEW

¶7.     "Jury instructions are generally within the discretion of the trial court and the settled standard of review is abuse of discretion." ***Bailey v. State***, 78 So. 3d 308, 315 (Miss. 2012). This Court reviews jury instructions as a whole. ***Boyd v. State***, 47 So. 3d 121, 123 (Miss. 2010). When those instructions, "taken as a whole fairly–although not perfectly–announce the applicable primary rules of law . . . no reversible error will be found." ***Id.*** at 124.

## ANALYSIS

¶8.     Moody asserts that the trial judge erred when he instructed the jury as follows:

> A person who is charged with the crime of possession of a cell phone in a
> correctional facility is presumed to be in constructive possession of a cell

---

[1] This instruction was a revision of S-3 and was handwritten on the bottom of jury instruction S-3.

3

phone that is found unless that presumption is overcome by competent evidence.

Moody argues that the jury instruction denied him "due process and a fair trial because it violated the requirement of proof beyond a reasonable doubt for conviction and violated the presumption of innocence."

¶9.    The United States Supreme Court has held emphatically that presumptive instructions violate the Due Process Clause in that presumptive instructions shift the burden of proof to the defendant on an essential element of the charged offense (in this case, possession). *Sandstrom v. Montana*, 442 U.S. 510, 521, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979); *Francis v. Franklin*, 471 U.S. 307, 325, 105 S. Ct. 1965, 85 L. Ed. 2d 344 (1985). Additionally, the Supreme Court found that "general instructions as to the prosecutor's burden and the defendant's presumption of innocence do not dissipate the error. . . ." *Francis*, 471 U.S. at 319-20. This Court similarly has held that presumptive instructions are improper. In *Tran v. State*, 681 So. 2d 514, 516 (Miss. 1996), the jury was given the following instruction: "Deliberate design may be *presumed* from the unlawful and deliberate use of a deadly weapon." (Emphasis added.) This Court held that the instruction was given in error because "it relieved the prosecution of its [burden of] persuasion." *Id.* at 518. In *Williams v. State*, 111 So. 3d 620 (Miss. 2013), this Court stated that:

> "presume" . . . is defined as "to assume to be true without proof to the contrary." Webster's II New College Dictionary 875 (2001). . . . As a presumption is accepted as true without proof to the contrary, it follows that the burden was shifted to the defendant to provide proof.

4

***Williams***, 111 So. 3d at 625. Likewise, in the present case, the burden was shifted improperly to Moody to provide proof that he was not in constructive possession of the cell phone.

¶10.  In cases discussing possession of other types of contraband, this Court has held that:

> [c]onstructive possession has been the subject of frequent interpretation by this Court. Actual physical possession need not be shown for conviction if the contraband is in the constructive possession of the accused. If the substance is subject to the defendant's dominion or control, it is said to be within . . . his constructive possession.

***Miller v. State***, 634 So. 2d 127, 129 (Miss. 1994). This jury was wrongly instructed that possession was presumed. The presumptive nature of the instruction is contrary to the law of our State.

¶11.  Often, less grievous errors are cured by other instructions. However, no other instruction could cure S-4. Moody argues, and this Court agrees, that the instruction relieved the State of its burden of proving an element of the offense beyond a reasonable doubt and presumed Moody's guilt. Therefore, we find that the trial court erred in granting the jury instruction.

¶12.  As the focus of our inquiry is on an instruction, we would be remiss, in light of this case being remanded for a new trial, if we did not note that an instruction offered by Moody and granted by the trial court should not have been given. Moody provided the following instruction as D-8:

> The Defendant, Brodrick Akeem Moody, has been charged with the offense of Possession of a Cell Phone in a Correctional Facility.

> Before you can return a verdict of guilty as charged, the State of Mississippi must have proven to you beyond a reasonable doubt from the evidence that:

1. The Defendant did on October 2, 2013

2. *take, attempt to take, or assist in taking an unauthorized electronic device, cell phone or any of its components or accessories to include, but not limited to, a black cell phone*

3. on the property of the Leake County [C]orrectional Facility.

If the State of Mississippi has failed to prove any one or more of the above listed elements beyond a reasonable doubt, then you shall find Brodrick Akeem Moody, "Not Guilty."

(Emphasis added.) This instruction is not supported by the record evidence. Moody was indicted under Section 47-5-193, which reads that it is unlawful for a prisoner to:

*possess*, furnish, attempt to furnish, or assist in furnishing to any offender confined in this state any weapon, deadly weapon, unauthorized electronic device, contraband item, or cell phone or any of its components or accessories to include, but not limited to, Subscriber Information Module (SIM) cards or chargers.

Miss. Code Ann. § 47-5-193 (Rev. 2015) (emphasis added). Section 47-5-193 further reads that:

[i]t is unlawful for any person or offender to *take, attempt to take, or assist in taking* any weapon, deadly weapon, unauthorized electronic device, contraband item, cell phone or any of its components or accessories to include, but not limited to, Subscriber Information Module (SIM) cards or chargers *on property* within the state belonging to the department, a county, a municipality, or other entity that is occupied or used by offenders, except as authorized by law.

*Id.* (emphasis added). Moody was indicted and convicted of possessing a cell phone in a correctional facility. However, Moody's Instruction D-8 instructed the jury as to persons taking cell phones into correctional facilities. Transporting contraband and possessing

contraband are distinctly different. On remand, all instructions should properly track the language of the applicable statute and have an evidentiary basis.

## CONCLUSION

¶13.    For the reasons stated above, we find that the trial court erred in instructing the jury, even when viewing the instructions as a whole. Instruction S-4 improperly shifted the burden of proving Moody was not in constructive possession of the cell phone to Moody. We reverse Moody's conviction, vacate his sentence, and remand this matter to the Leake County Circuit Court for a new trial consistent with this opinion.

¶14.    **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR.**