PAYNE, J.,
for the Court:
PROCEDURAL POSTURE
¶ 1. The appellant, Clifton Rufus, was convicted by a jury of felony DUI in the Lauderdale County Circuit Court, the Honorable Larry E. Roberts presiding. The trial court sentenced Rufus to serve five years in the custody of the Mississippi Department of Corrections, four years suspended with one to serve, and five years supervised probation, plus a $5,000 fine and court costs. Following denial of his motion for JNOV or, in the alternative a new trial, Rufus timely effected his appeal, raising two points of error. Upon careful review of the record and applicable precedents, we find Rufus’s assignments of error to be without merit and overrule the same. Accordingly, we affirm his conviction and sentence in this case.
FACTS
¶ 2. On September 14, 1996, Rufus was traveling on Highway 19 in Lauderdale *852 County, Mississippi when he was observed by Mississippi Department of Public Safety Trooper Andrew Emerson “flashing his headlights on and off’. On that particular evening, Emerson was assigned to a sobriety/administrative checkpoint being conducted by the highway patrol and was en route to his assignment at the time he observed Rufus. According to Trooper Emerson, after unsuccessfully attempting to get Rufus to dim his headlights, he effected a traffic stop of Rufus, after pursuing him on a dirt road off Highway 19. After approximately one mile, Emerson testified that Rufus stopped his vehicle, exited it, and ran between his vehicle and the patrol car toward a residential dwelling with Emerson in pursuit on foot. After catching up with Rufus and returning to the roadway, Rufus gave Emerson his driver’s license, which Emerson learned was suspended. It is at this point that Emerson noticed the smell of alcohol on Rufus’s breath, who admitted, according to Emerson, that he had consumed a few drinks. After conducting a field sobriety test, Rufus was taken into custody and transported to the Lauderdale County Sheriffs Department where Emerson attempted to administer an Intoxilyzer 5000 test to assess the level of Rufus’s intoxication. After the machine failed to register because of Rufus’s refusal to provide a sufficient sample of air after only one attempt, Emerson charged Rufus with DUI.
¶ 3. Rufus maintained that he was returning from a business trip to Butler, Alabama on the evening in question when he encountered Trooper Emerson. According to Rufus, the reason for his flashing lights on the highway was a sensor in his fog lights that was triggered after he hit a foreign object in the roadway. Rufus denied that Trooper Emerson was in pursuit of him when he turned off the main road or that Emerson was behind him when he stopped at the residential dwelling. Rufus claimed that Emerson accused him of signaling other vehicles about a traffic roadblock being conducted on Highway 19.
¶ 4. Rufus testified that Emerson never told him why he was being taken into custody. Further, Rufus testified that he made several attempts to complete the Intoxilyzer 5000 test, and it was only after Emerson told him that he had refused the test by giving an insufficient sample that he was advised of his arrest for DUI.
ISSUES PRESENTED
¶ 5. Rufus assigns two errors by the trial court for our review:
I. WHETHER THE TRIAL COURT ERRED IN FAILING TO DISMISS THE INDICTMENT BECAUSE THE CHARGING INSTRUMENT FAILED TO STATE THE ELEMENTS OF THE CRIME FOR WHICH RUFUS WAS CHARGED
II. WHETHER THE TRIAL COURT ERRED IN FAILING TO REQUIRE THE STATE TO COMPLY WITH RULE 3.07 OF THE MISSISSIPPI UNIFORM RULES OF CIRCUIT AND COUNTY COURT PRACTICE
Finding no merit in these claims, we affirm.
¶ 6. First, Rufus says that the indictment was fatally flawed because it did not properly define the crime for which he was convicted. This is clearly without merit. Both cases cited by Rufus in support of his alleged error have been expressly overruled by the Mississippi Supreme Court. See McIlwain v. State, 700 So.2d 586 (Miss.1997) (overruling Page v. State, 607 So.2d 1163 and Ashcraft v. City of Richland, 620 So.2d 1210 (Miss.1993)). The proper test is whether the charging instrument provides “enough information to the defendant to identify with certainty the prior convictions relied upon by the State for enhanced punishment.” Benson v. State, 551 So.2d 188, 196 (Miss.1989). Thus, our inquiry as to whether or not the indictment in this case was fatally flawed will be guided by the Benson rule.
*853 ¶ 7. The pertinent part of Rufus’s indictment read as follows:
in said County and State on or about the 14th day of September, A.D., 1996, did then and there wilfully, unlawfully, and knowingly, and feloniously operate a motor vehicle while under the influence of intoxicating liquor, having refused to submit to a chemical test of his breath, as provided for in the MS Code Annotated Section 63-11-30(3).
FURTHER, that this Defendant has been convicted of at least two (2) DUI’s, making this the 3rd or subsequent offense, WITHIN FIVE (5) YEARS OF THE ABOVE DATE. AND ALL PRIOR DUI CONVICTIONS BEING A VIOLATION OF § 63-11-30 MCA....
Each of Rufus’s previous convictions, one in Stone County, Mississippi and one in Jasper County, Mississippi were appended as an exhibit to the indictment. The copies of Rufus’s two previous DUI convictions, attached to the indictment, and the indictment itself meets the Benson standard. Thus, Rufus’s assignment of error in this regard is not well taken and is overruled.
¶ 8. Second, Rufus urges that the prosecution violated Rule 3.07 of the U.R.C.C.C. by not providing him with the State’s proposed jury instructions at least twenty-four hours prior to the beginning of trial. The Mississippi Supreme Court has established that failing to follow the technical dictates of Rule 3.07 does not constitute reversible error absent a showing that the defendant was actually prejudiced. Shaw v. State, 540 So.2d 26, 29 (Miss.1989) (citing Carter v. State, 493 So.2d 327, 331 (Miss.1986)). Our careful review of the record shows no actual prejudice was heaped upon Rufus by the State’s failure to rigidly comply with Rule 3.07. Throughout the record of the in-chambers charge conference, Rufus’s counsel made several objections to various instructions which is indicative of the fact that he was not actually prejudiced by this State’s failure to strictly adhere to Rule 3.07. Finding no actual prejudice suffered by Rufus in this regard, we overrule this assignment error.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF FELONY DUI (THIRD OR SUBSEQUENT OFFENSE) AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FOUR SUSPENDED AND ONE TO SERVE, FIVE YEARS SUPERVISED PROBATION, AND FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST THE APPELLANT.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HERRING, HINKEBEIN, KING and SOUTHWICK, JJ., concur.